**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Roehrs, M.D. and Jean Roehrs, his wife,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Minnesota Life Insurance Company, et al.,<br><br>　　　　　Defendants. | No. CV-03-1373-PHX-LOA<br><br>**ORDER** |

This matter arises on Plaintiffs' Motion To Allow Testimony Of Witnesses Electronically. (docket # 133)   Defendants' Response indicates that Plaintiffs have apparently withdrawn their request that Dr. Guillermo Huerta testify at all in the ERISA trial and that Defendants have no objection to Carol Anderson testifying telephonically provided she has in her immediate possession a complete copy of her deposition and copies of all exhibits offered by both sides.

Federal Rule of Civil Procedure 43(a) provides that "for good cause shown in compelling circumstances and upon appropriate safeguards, [a court may] permit presentation of testimony in open court by contemporaneous transmission from another location." Rule 43(a), FED.R.CIV.P.; Dagen v. CFC Group Holdings Ltd., 2003 WL 22533425 (E.D.N.Y. 2003). The advisory committee's note cautions that such permission should not be granted lightly. Id.

1  While the Court recognizes the importance of presenting live testimony to test
2  credibility, it is appropriate in this case to permit this witness to appear and testify
3  telephonically. The witness lives in or near Omaha, Nebraska, is not a party to this lawsuit,
4  has previously been deposed and cross examined by counsel and the trial tomorrow is to the
5  Court, who finds it less compelling to have a witness physically present to judge a witness'
6  credibility than a jury might. Considering Defendants have no objection to this witness
7  testifying telephonically and appropriate safeguards can be implemented to ensure fairness
8  to all parties for a telephonic appearance, the Court will allow this witness to appear and
9  testify telephonically in the ERISA trial.

10  Good cause appearing,

11  **IT IS ORDERED** that Plaintiffs' Motion To Allow Testimony Of Witnesses
12  Electronically, (dkt # 133), is **GRANTED**. Witness Carol Anderson may conditionally
13  testify telephonically in the trial beginning tomorrow provided the following conditions are
14  met:

15  1. Plaintiffs' counsel shall physically provide to the witness a complete copy of
16  the witness' deposition, copies of all her deposition exhibits, and legible copies of all possible
17  exhibits identified by both parties in the Joint Pretrial Order (dkt #136), filed on December
18  5, 2005,

19  2. The witness shall have an operable fax machine readily available to her when
20  she testifies so that unexpected documents may be faxed to her for contemporaneous
21  questioning about such documents, and

22  3. Plaintiffs' counsel shall have the witness' telephone and fax number readily
23  available for the Court to call when she is to testify in this matter.

24  The Court's staff shall immediately fax a copy of this Order to all counsel of
25  record.

26  DATED this 6th day of December, 2005.

27
28
　　　　　　　　　　　　　　　　　Lawrence O. Anderson
　　　　　　　　　　　　　　　　　United States Magistrate Judge